## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CCI OF ARKANSAS, INC.                                                            PLAINTIFF

v.                                   No. 4:09CV00513 JLH

BAGGETTE CONSTRUCTION, INC.; and
MCCOY AND HOWARD CONSULTING
ENGINEERS, INC.                                                                  DEFENDANTS

## OPINION AND ORDER

This action arises out of a construction project at the Little Rock Air Force Base.  Baggette

Construction, Inc., an Alabama corporation, was the general contractor for the project.  CCI of

Arkansas, Inc., an Arkansas corporation, was a subcontractor.  McCoy and Howard Consulting

Engineers, Inc., an Illinois corporation, was the consulting engineer or architect.  CCI commenced

the action in the Circuit Court of Pulaski County, Arkansas, and the defendants removed the case

to this Court based on diversity of citizenship jurisdiction.

The amended complaint alleges that CCI submitted a bid for electrical and communications

work in accordance with plans and specifications prepared by McCoy and Howard.  The plans and

specifications provided for an intrusion detection system.  CCI declined to submit a bid for the

intrusion detection system because it could not obtain a bid from a local security company.  The

amended complaint also alleges that, after CCI submitted its bid without the intrusion detection

system, George Hunt of Baggette called Tony Lee of CCI, told him that CCI was the low bidder, and

asked why CCI had excluded from its bid the intrusion detection system.  After Lee told Hunt that

he had not been able to obtain a bid from a local contractor, Hunt told Lee that a vendor in Florida

had installed an intrusion detection system in projects virtually identical to this one at a cost of

$25,000.  Hunt then requested permission from Lee to insert the $25,000 figure in the subcontract for electrical work, and CCI agreed based upon Hunt's fraudulent assertions.  CCI then contacted the vendor whom Hunt said could install the detection system for $25,000 and received a bid for $163,438.78.  CCI alleges that Baggette committed fraud and asks for damages in the amount of $158,100 plus interest from the date that CCI is required to install and pay for the intrusion system.  CCI further alleges that McCoy and Howard was negligent in drawing and reviewing the plans and specifications and that McCoy and Howard's negligence proximately caused CCI to underbid the project.

The defendants have moved to dismiss the action arguing that this Court lacks venue due to a clause in the subcontract agreements that provides:

> The parties agree, for the mutual convenience of the parties, that any litigation instituted by the Contractor or Subcontractor arising directly or indirectly out of this agreement shall be brought in Morgan County, Alabama.

CCI argues that the action arises out of conduct that occurred before the contract was executed, and the action is not one for breach of contract but for fraud, so the forum selection clause does not apply to its claims against Baggette.  CCI also argues that because McCoy and Howard was not a party to the contract and because the complaint against McCoy and Howard is one for professional negligence, not breach of contract, the forum selection clause does not apply to the claims against McCoy and Howard.

A civil action in which jurisdiction is founded on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(a).  No defendant resides in this district.  However, the dispute concerns a construction project undertaken in this district by Baggette as the general contractor and CCI as the subcontractor.  It appears therefore that a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendants have not argued to the contrary.  In the absence of any argument to the contrary, the Court will assume that venue would be proper in this district pursuant to 28 U.S.C. § 1391(a)(2) but for the forum selection clause.

CCI first argues that the forum selection clause does not govern this action because the claims asserted here do not arise directly or indirectly out of the agreement but out of facts that predate the agreement.  That argument is without merit.  Had CCI not entered into the agreement, this dispute could not have arisen.  The relief sought is the cost of installing the intrusion detection system as CCI is required by the agreement to do.  CCI's claims against the defendants amount to a claim that a change order is needed to make the contract amount conform to what CCI would have bid had it had accurate information when it submitted its bid.  CCI's claims against both defendants arise directly or indirectly out of the agreement.

Assuming that the forum selection clause is enforceable and that but for the forum selection clause venue would be appropriate in this Court, the issue is whether the forum selection clause means that venue is improper in this Court.  A leading treatise explains:

> [T]he principle followed by some federal courts that a forum selection clause can confer venue or personal jurisdiction when it otherwise would be improper or nonexistent seems improperly to place issues of federal law in the hands of private parties.  The better analytical method, suggested by the Supreme Court in [*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22

(1988)], is to determine the propriety of venue according to the federal venue statutes and the propriety of asserting personal jurisdiction according to the usual minimum contacts analysis.

Most courts recognize that transfer is preferable to dismissal when enforcing a forum selection clause that permits venue in another federal district. There is disagreement among the courts of appeal, however, over whether a valid forum selection clause that mandates venue in another federal district can render venue improper in the original district even when the case otherwise could have been brought in that district under the applicable venue statues. The better view, followed by the First, Second, and Third Circuits is that a forum selection clause does not render venue improper in an otherwise proper forum and that a valid clause should be enforced by either a Section 1404(a) transfer or a Rule 12(b)(6) motion to dismiss for failure to state a claim. A larger number of the courts of appeal, including the Seventh, Ninth, Tenth, and Eleventh Circuits, nevertheless have held that a valid forum selection clause can render venue in the original forum improper; these courts enforce valid clauses under Section 1406(a) or a Rule 12(b)(3) motion to dismiss for improper venue.

14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed. 2007). As is suggested by this recitation of what the circuits have held, the Eighth Circuit has not expressly ruled on the issue of whether an enforceable forum selection clause authorizes a district court to dismiss for lack of venue.

Although the Eighth Circuit has not expressly addressed the issue, it has done so implicitly. In *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001), the court affirmed a district court that had dismissed an action for improper venue based on a forum selection clause. *Id.* at 757–58. In *Marano*, the Eighth Circuit did not expressly comment on the circuit split and state that it was joining the larger number of circuits in holding that a valid forum selection clause can deprive a district court of venue, but the court nevertheless held that the district court correctly dismissed the action for lack of venue, so the Eighth Circuit by its action joined the larger number of the courts of appeal in holding that a valid forum selection clause can render venue in the original forum improper.

4

CCI argues that the forum selection clause cannot be enforced because it was induced to enter the subcontract by fraud and that McCoy and Howard was not a party to the subcontract, so it cannot rely upon the forum selection clause.   The holding in *Marano* undercuts both of those arguments. The Eighth Circuit stated:

> First, Marano contends that the claim of fraud raised in its lawsuit encompasses a claim that it was induced by fraud to agree to the forum-selection clauses.  A "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion."  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).  Marano's complaint does not even remotely suggest that the clauses were inserted into the agreements as the result of fraud, and the brief on appeal offers no specifics concerning what the fraud might have been or how it was perpetrated.  The general allegation by Marano that it was induced by fraud to enter into the franchise and development agreements is insufficient to raise an issue that the forum-selection clauses within those agreements may be unenforceable because of fraud, and so Marano's argument must fail.

*Marano*, 254 F.3d at 757.   Here, CCI alleges that it was induced by fraud to enter into the subcontract, not that the forum selection clause was inserted into the contract by fraud.  The general allegation by CCI that it was induced by fraud to enter into the subcontract is insufficient to raise an issue that the forum selection clause is unenforceable because of fraud.

As to CCI's argument that McCoy and Howard may not avail itself of the forum selection clause, the Eighth Circuit in *Marano* held that three defendants who were not parties to the agreement were properly dismissed because of improper venue.[1]  *Id*.  The court did not explain why the three defendants who were not parties to the contract could take advantage of the forum selection clause.  It appears, however, that the disputes between the parties who were not signatories to the

---

[1] The court also held that a plaintiff who was not a signatory to the agreement was nonetheless bound by the forum selection clause.  *Id*.  The issue of when a forum selection clause can be enforced against a nonsignatory is not presented here.  Here, the issue is whether a nonsignatory can join a signatory in enforcing the clause.

contract were interwoven with the disputes between the parties who were signatories.  Here, the forum selection clause provides, "any litigation instituted by the Contractor or the Subcontractor arising directly or indirectly out of the agreement shall be brought in Morgan County, Alabama." The forum selection clause by its terms applies to *any litigation* instituted by either CCI or Baggette arising out of the agreement; the clause is not limited to litigation instituted by one of them against the other.  This litigation, including CCI's claims against McCoy and Howard, was instituted by CCI and arises out of the agreement.  As the Court has held, Baggette has the right to enforce the contractual provision and require the action to be litigated in Morgan County, Alabama.  CCI's claims against McCoy and Howard are interwoven with its claims against Baggette.  Baggette has the right to require that this case be litigated in Morgan County, Alabama, and McCoy and Howard has joined Baggette in seeking to enforce that right.  Pursuant to *Marano*, McCoy and Howard has the right to join Baggette in enforcing the forum selection clause.

For the reasons stated, the motions to dismiss are GRANTED.  Documents #4, #7, #13, and #15.  This action is dismissed without prejudice.

IT IS SO ORDERED this 17th day of September, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

6